IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ABDERRAHIM MOUTAWAKKIL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 4:23-cv-879 |
| | § | |
| UNITED FINANCIAL CASUALTY COMPANY, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff, Abderrahim Moutawakkil, complaining of Defendant, United Financial Casualty Company, "United", and for cause of action would show the Court the following:

### 1. Parties

1.1   Plaintiff, Abderrahim Moutawakkil, ("Plaintiff") is an individual that is a citizen of the state of Texas.

1.2   Defendant United is a corporation that is incorporated under the laws of the State of Ohio and maintains its principal place of business in the State of Ohio. Defendant has generally appeared and answered herein and is before this Court for all purposes.

### 2. Venue And Jurisdiction

2.1   Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

2.2   The Court has Jurisdiction over the lawsuit 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

### 3. Facts

3.1.   On January 26, 2020, the vehicle driven by Abderrahim Moutawakkil on Interstate Highway 35W in Fort Worth, Texas, was struck from behind by a vehicle driven by Juan Carlos Jimenez, when he failed to control his speed and changed lanes while unsafe, causing Plaintiff's vehicle to spin into a ditch, proximately causing serious personal injuries and damages to Plaintiff.

3.2   Jimenez was issued a citation for failure to control speed and unsafe lane change.

3.3   At all relevant times, Jimenez owed a duty to Plaintiff to operate his vehicle in a reasonable manner and with ordinary care. Jimenez breached such duty to Plaintiff, which breach proximately caused Plaintiff's injuries and damages.

3.4   The negligence of Jimenez in such regard included, without limit:

   a.   recklessly driving;

   b.   failing to control his speed;

   c.   failing to keep a proper lookout;

   d.   failing to maintain a lane and/or make a safe lane change;

   3.   driver inattention and failing to yield to the right of way; and/or

   f.   otherwise failing to operate his vehicle in a reasonable and prudent manner.

3.5   As a direct, foreseeable, and proximate result of Jimenez' negligent conduct, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court, for which Plaintiff reserves the right to plead further, but which include past and future: medical expenses, physical pain and mental anguish, disfigurement, impairment, loss of wages, and/or

loss of earning capacity.

3.6     By virtue of the foregoing, Plaintiff became legally entitled to recover damages from Jimenez.

3.7     At the time of the automobile accident which forms the basis of this lawsuit, Moutawakkil was in the course and scope of his employment as a driver for UBER.

3.8     Plaintiff was insured under, a policy of insurance Policy #06250026-2 (hereafter "Insurance Policy") issued by Defendant United. The Insurance Policy was in force and in effect at the time of the Collision. The Insurance Policy contained, among other coverages, coverage for Underinsured Motorist benefits in the amount of $1,000,000 applicable to this claim.

3.9     At the time of the collision Jimenez was covered by an auto insurance policy with Allstate. The total amount of liability coverage under such policy is $30,000.00. The damages sustained by Plaintiff far exceed this amount.

3.10    With permission of Defendant, Plaintiff settled his liability claims against Jimenez for his $30,000 policy limit.

3.11    Because Plaintiff's damages for which Jimenez is liable far exceed the $30,000 limit of his liability insurance policy, Jimenez is an underinsured motorist pursuant to the Insurance Policy.

3.12    Pursuant to the Insurance Policy, Defendant must pay the damages which Plaintiff is legally entitled to recover from an underinsured motorist such as Jimenez, to the extent such damages exceed Jimenez $30,000 liability coverage, including loss caused by bodily injury resulting during the course and scope of his employment with UBER.

3.13    To date, after a demand for the limits of the uninsured motorist policy, Defendant has not tendered the policy limits of such coverage.

### 4. Entitlement to Declaratory Judgment

4.1    Pursuant to TEX. CIV. PRAC. & REM CODE Chapter 37, Plaintiff is a person interested under the Insurance Policy, who is entitled to have their rights and status thereunder determined.

4.2    Plaintiff is entitled to, and hereby seeks, a declaratory judgment from this Court confirming and declaring as follows:

1. that the negligence of Jimenez was the proximate cause of the accident and Plaintiff's injuries and damages;
2. that Plaintiff thereby became legally entitled to recover damages from Jimenez;
3. the amount of damages Plaintiff became legally entitled to recover from Jimenez, including compensation for the following categories of damages:
    a. reasonable and necessary medical expenses incurred in the past;
    b. reasonable and necessary medical expenses which, in reasonable probability, Plaintiff will incur in the future;
    c. physical pain and suffering and mental anguish sustained in the past;
    d. physical pain and suffering and mental anguish which, in reasonable probability, Plaintiff will sustain in the future;
    e. physical and mental impairment sustained in the past;
    f. physical and mental impairment which, in reasonable probability, Plaintiff will sustain in the future;
    g. disfigurement sustained in the past;
    h. disfigurement which, in reasonable probability, Plaintiff will sustain

    in the future;

  i. loss of earning capacity sustained in the past; and

  j. loss of earning capacity which, in reasonable probability, Plaintiff will sustain in the future;

4. that Jimenez is an uninsured motorist pursuant to the Insurance Policy;

5. the amount of uninsured motorist benefits Plaintiff is entitled to recover under the Insurance Policy, after any applicable set-offs and credits; and

6. that Plaintiff is entitled to recover such underinsured motorist benefits under the Insurance Policy as a result of the motor vehicle accident which occurred on January 26, 2020, and that such benefits are covered, due, and payable under the Insurance Policy.

### 5. Additional Matters

5.1 All conditions precedent to Plaintiff's rights to recover the relief sought herein have occurred or have been performed.

### Prayer

For these reasons, Plaintiff asks for judgment against defendant for the following:

 a. Actual damages of $1,000,000.00.
 b. Prejudgment and post judgment interest.
 c. Costs of suit.
 d. All other relief the Court deems appropriate.

    Respectfully submitted,

    /s/ Edward S. Gaytan
    Charles M. Noteboom
    State Bar No. 15116875
    Edward S. Gaytan
    State Bar No. 24087572
    Gaytan@noteboom.com

**Noteboom – The Law Firm**
669 Airport Freeway, Ste. 100
Hurst, TX 76053
817.282.9700
817.282.8073 Facsimile
**Attorneys For Plaintiff**

<u>**CERTIFICATE OF SERVICE**</u>

    I certify that a true and correct copy of the above and foregoing was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

<u>/s/ Edward S. Gaytan</u>
Edward S. Gaytan